# Hecker Fink LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

DIRECT DIAL   929.294.2537
DIRECT EMAIL   jmatz@heckerfink.com

March 5, 2025

**BY CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

Re:   *Dellinger v. Bessent*, No. 25-5052

Dear Mr. Cislak:

I write on behalf of Plaintiff-Appellee Special Counsel Hampton Dellinger in response to the government's letter submitted earlier today, just two hours before the deadline for Special Counsel Dellinger's opposition to the government's pending stay application.

The government's letter references a February 28, 2025 filing at the Merit Systems Protection Board (MSPB), in which the Office of the Special Counsel (OSC) asked the MSPB—in an independent exercise of the MSPB's own statutory authority—to stay certain personnel actions by the U.S. Department of Agriculture. With due respect, there is no basis here for the government's sudden claim of an emergency requiring immediate judicial intervention. The government has been aware of the OSC's request for five days. Indeed, the U.S. Department of Agriculture filed a written opposition to that request the very same day it was first filed.

In any event, the government's letter repeats the mistake it has made throughout this litigation of exaggerating and misdescribing the Special Counsel's function. The Special Counsel has no "power to demand" anything from the MSPB.

# Hecker Fink LLP

2

Letter 2. Indeed, OSC exercises no authority over the MSPB at all. *See* 5 U.S.C. § 1202(d). The MSPB may (and often does) disagree with the OSC. And as was explained at length in the district court's opinion, and in the opposition brief that we filed earlier today, it is the MSPB, not OSC, that makes binding decisions on these matters within the Executive Branch. *See* S.J. Op. 18, 21-23, 40-43; Dellinger Opp. 3-5, 12-13 & n.1. The Special Counsel cannot require anyone to do anything in this process. Thus, these developments at the MSPB in no way support the government's claim that the Special Counsel has gone rogue with Article II power: the members of the MSPB are nominated by the President and confirmed by the Senate; they make independent determinations about when to stay personnel actions; and the OSC's tightly limited jurisdiction to identify and present these issues to the MSPB for its own consideration affords no basis to sow chaos and disruption at the agency by granting a stay.

Particularly given that the matter will soon be fully briefed, this Court should deny the government's request for an administrative stay and its application for a stay pending appeal.

Respectfully Submitted,

/s/ Joshua A. Matz
Joshua A. Matz

*Counsel for Plaintiff-Appellee Hampton Dellinger*

cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 377 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed. R. App. P. 32(a)(6) because this document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

DATED: March 5, 2025                     /s/ Joshua A. Matz
                                         Joshua A. Matz
                                         *Counsel for Plaintiff-Appellee*
                                         *Hampton Dellinger*