**NOT YET SCHEDULED FOR ORAL ARGUMENT**

# United States Court of Appeals
# for the District of Columbia Circuit

### No. 25-5052

HAMPTON DELLINGER, in his personal capacity and in his official capacity as Special Counsel of the Office of Special Counsel,

*Plaintiff-Appellee,*

v.

SCOTT BESSENT, in his official capacity as Secretary of the Treasury; *et al.*,

*Defendants-Appellants.*

———————————————

*On Appeal from the United States District Court
for the District of Columbia in No. 1:25-cv-00385-ABJ,
Honorable Amy Berman Jackson, U.S. Senior District Judge.*

**MOTION FOR LEAVE OF COURT TO FILE BRIEF OF SIX *AMICI CURIAE* IN SUPPORT OF PLAINTIFF-APPELLEE HAMPTON DELIINGER'S OPPOSITION TO DEFENDANT-APPELLANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL**

STEPHEN M. KOHN
KAYLA SVIHOVEC
KOHN, KOHN & COLAPINTO, LLP
1710 N Street NW
Washington, DC 20036
(202) 342-6980
sk@kkc.com
kayla.svihovec@kkc.com

THOMAS M. DEVINE
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K Street NW, Suite 808
Washington, DC 20006
(202) 457-0034
tdevine@whistleblower.org

*Counsel for Amici Curiae*

March 5, 2025



COUNSEL PRESS   (800) 4-APPEAL • (378772)

# MOTION

Pursuant to Fed. R. App. P. 29(a)(4), Government Accountability Project (GAP), Whistleblowers of America ("WOA"), Public Employees for Environmental Responsibility (PEER), The National Whistleblower Center ("NWC"), Project on Government Oversight ("POGO") and National Security Counselors ("NSC") respectfully request leave to file the attached *amicus curiae* brief in support of Plaintiff-Appellee Hampton Dellinger's Opposition to Defendant-Appellants' Emergency Motion for Stay Pending Appeal in this case. *Amici* advise the Court that counsel for the Plaintiff-Appellee Hampton Dellinger has consented to this filing.

The identity of each *amicus* is detailed in Appendix 1 attached to this Motion. None of the *amici* is a corporation subject to the reporting requirements of Fed. R. App. P. 29(a)(4)(A) or 26.1, and none has a direct stake in this matter, financial or otherwise. They do, however, have a keen interest in promoting corporate and government accountability by protecting whistleblowers and advancing free speech in the civilian and governmental workforce.

As *amici* explain in their brief, attached as Exhibit 1, this Court should deny the emergency motion for stay pending appeal because it is not in the public interest. Were the stay to be granted, Special Counsel Hampton Dellinger would likely be immediately and summarily removed from office. Such removal is contrary to the will of Congress and will irreparably harm of the independence of the Office of Special Counsel ("OSC"). OSC is the agency specifically empowered to protect

1

from retaliation federal employees who report illegality, gross mismanagement, gross waste, abuse of authority, and serious dangers to public health and safety—reports that protect the public interest.

*Amici Curiae's* brief will be useful to the Court in showing how, by design, OSC is an independent agency, how that independence has provided a safe space for whistleblower to report, and how those reports have exposed wrongdoing, waste fraud and abuse throughout the federal government. The immediate, summary removal of Special Counsel Dellinger by the granting of the emergency motion for stay will irreparably destroy the independence of his office.

Eliminating the Special Counsel's independence would cancel the public service mandate repeatedly affirmed unanimously by Congress and by past Presidents. Whistleblowers working with an independent OSC have changed the course of history. They have turned to the OSC because of its independence. Harming that independence will deter whistleblowers from reporting and will create an accountability vacuum.

Counsel for Plaintiff-Appellee Hampton Dellinger consents to this brief being filed.

## CONCLUSION

*Amici* urge the Court to grant this Motion to File their brief.

March 5, 2025                    Respectfully submitted,

                                        /s/ *Kayla Svihovec*
                                        Stephen M. Kohn
Kayla Svihovec
Kohn, Kohn & Colapinto, LLP
1710 N Street NW, Washington, DC 20036
(202) 342-6980
(202) 342-6984
sk@kkc.cor
kayla.svihovec@kkc.com

Tom Devine
D.C. Bar No. 357202
Government Accountability Project
1612 K Street, NW, Suite 808
Washington, DC 20006
202-457-0034, ext. 124
tomd@whistleblower.org

Counsel for Government Accountability Project, Whistleblowers of America, Public Employees for Environmental Responsibility, The National Whistleblower Center, Project on Government Oversight and National Security Counselors

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27 (d)(2)(A) because it contains 411 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point times new roman, a proportionally spaced typeface.

>*/s/ Kayla Svihovec*
>Kayla Svihovec

## APPENDIX 1 -- Identification of *Amicus Curiae*

<u>Government Accountability Project</u> ("GAP") is an independent, nonpartisan, nonprofit, public interest organization that promotes corporate and government accountability by protecting whistleblowers and advancing free speech in the civilian and governmental workforce.  Founded in 1977, GAP is the nation's oldest whistleblower protection and advocacy organization. In addition to focusing on whistleblower support, GAP leads campaigns to enact whistleblower protection laws both domestically and internationally.

<u>Whistleblowers of America</u> ("WoA") was founded in 2017 as a voluntary peer support network. WOA concentrates on whistleblower mental health through a trauma-informed approach and assists employees suffering the psychosocial impacts of whistleblower retaliation. WoA provides support, advocacy, resources and referrals to a global network of employees and advocates and has provided support to over 1,050 people in over 30 countries who are struggling against the detriments of retaliation.

<u>The National Whistleblower Center</u> ("NWC") is a nonprofit, non-partisan, tax-exempt, charitable organization dedicated to the protection of whistleblowers. Founded in 1988, the NWC is keenly aware of the issues facing government employees who report waste, fraud, or abuse.  Over the years NWC has worked aggressively to ensure that laws protecting federal employees achieve Congress' goals.

On a non-partisan basis the NWC, its officers and directors have represented or assisted numerous federal employees, on a non-partisan basis, such as *William Sanjour v. EPA*, 56 F.3d 85 (D.C. Cir. 1995) (en banc); *Dr. Kiki Ikossi v. Department of the Navy,* 516 F.3d 1037 (D.C. Cir. 2008); *Dr. Tommie Savage v. Army,* 2015 MSPB 51 (2016)*;* and *Linda Tripp v. Department of Defense,* 219 F. Supp. 2d 85 (D.D.C. 2002). Additionally, the NWC has participated as *amicus curiae* in numerous cases that directly impact whistleblowers, including *Murray v. UBS Sec., LLC*, 601 U.S. 23 (2024); *Lawson v. FMR LLC,* 571 U.S. 429 (2014); *English v. G.E.,* 496 U.S. 72 (1990); *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765 (2000); Day v. Homeland Security*, DC-1221-12-0528-W-1,* (MSPB 2013); Parkinson v. D*epartment of Justice*, 815 F.3d 757 (Fed. Cir. 2016).

<u>Public Employees for Environmental Responsibility</u> (PEER) is a national nonprofit, non-partisan organization incorporated in the District of Columbia. PEER provides direct services to environmental and public health professionals, land managers, scientists, enforcement officers, and other civil servants dedicated to upholding environmental laws and values. PEER provides pro bono legal services to current and former public employees who hold government accountable to environmental ethics, compliance with environmental laws, and scientific integrity standards. PEER represents and defends federal whistleblowers, investigates and exposes improper or illegal government actions, and works to improve laws and regulations impacting PEER's clients. On behalf of its clients, PEER has filed

numerous complaints and disclosures with the OSC. It relies on OSC as an important tool for exposing and remedying government violations of law, waste, fraud and abuse and for protecting whistleblowers.

<u>Project on Government Oversight</u> ("POGO"): Founded in 1981, the POGO is a nonpartisan independent watchdog that investigates and exposes waste, corruption, abuse of power, and when the government fails to serve the public or silences those who report wrongdoing. POGO champions reforms to achieve a more effective, ethical, and accountable federal government that safeguards constitutional principles. Working with whistleblowers for such purposes is an integral part of POGO's mission, and ensuring strong whistleblower protections is one of POGO's core policy priorities. POGO helped to lead efforts to pass and strengthen the Whistleblower Protection Enhancement Act of 2012, testifying about the legislation before Congress, advocating for the strongest possible whistleblower provisions, urging the public to take action, and organizing critical support.

<u>National Security Counselors</u> ("NSC") a non-profit public interest law firm which specializes, in pertinent part, in national security employment law, including whistleblower protection. NSC regularly represents whistleblowers in all stages of the administrative process, including before the Office of Special Counsel and in federal court. NSC maintains that the independence of the Special Counsel is critical to the effective functioning of the whistleblower protection regime for the federal government.

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system , which will serve all parties automatically.

Dated: March 5, 2025

*/s/ Kayla Svihovec*
Kayla Svihovec