

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

---

Tel.: (202) 305-1754

March 6, 2025

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

  RE: *Dellinger v. Bessent*, No. 25-5052

Dear Mr. Cislak:

We write in response to plaintiff's letter asserting that "there is presently no live appeal for this Court to address." The assertion is plainly incorrect. The government is currently subject to a permanent injunction, which is stayed only by virtue of this Court's order in this appeal. This appeal remains live unless and until the permanent injunction from which it arises is dissolved and plaintiff's complaint is dismissed with prejudice. Plaintiff's "final and public decision" to cease "pursu[ing] judicial relief" is not, in fact, equivalent to dismissing the underlying litigation and dissolving the injunction in plaintiff's favor.

Plaintiff's assertion that he is "negotiating with the government regarding the proper next steps to bring this litigation to an end" is also curious. Plaintiff has not proposed any stipulation under Fed. R. Civ. P. 41(a)(1) or sought our consent to a motion under Fed. R. Civ. P. 41(a)(2). Plaintiff has communicated that he would "take[] no position on a motion to vacate the underlying judgment." But that only confirms that this appeal is not moot. Again, the appeal will become

moot only if and when the permanent injunction from which it arises is dissolved and plaintiff's complaint is dismissed with prejudice—a result that plaintiff so far has made no effort to effectuate.

Even under plaintiff's view, moreover, this Court would still have jurisdiction to issue an opinion explaining its stay order, as the Court stated it would. Plaintiff's statements today appear to be an attempt to prevent the issuance of that opinion, which is all the more reason for the Court not to abide his procedural gamesmanship. As other courts of appeals have recognized, the "practice of bifurcating an expedited order with its reasoning is common, often necessary, and constitutional," even if the case becomes moot between the issuance of the order and the release of the opinion. *United States v. Perez-Garcia*, 96 F.4th 1166, 1173 (9th Cir. 2024) (discussing cases), *petition for cert. filed* (U.S. Dec. 26, 2024) (No. 24-6203).

Sincerely,

*/s/ Laura E. Myron*
Laura E. Myron


cc:    All counsel (via CM/ECF)

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because it contains 346 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Book Antiqua, a proportionally spaced typeface.

*/s/ Laura E. Myron*
Laura E. Myron