**ORAL ARGUMENT NOT YET SCHEDULED**

IN THE

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-5052

◆◆◆

HAMPTON DELLINGER, IN HIS PERSONAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS SPECIAL COUNSEL OF THE OFFICE OF SPECIAL COUNSEL,

*Plaintiff-Appellee,*

—v.—

SCOTT BESSENT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY, ET AL.,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

## APPELLEE'S MOTION TO DISMISS AS MOOT

JOSHUA MATZ, BAR NO. 61916
  *Counsel of Record*
AMY JEFFRESS, BAR NO. 44740
JACKSON ERPENBACH, BAR NO. 65902
BENJAMIN STERN, BAR NO. 65911
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(202) 742-2661
jmatz@heckerfink.com

KATE DONIGER, BAR NO. 65901
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor New York, New York 10118
(212) 763-0883

*Counsel for Plaintiff-Appellee Hampton Dellinger*

Hampton Dellinger moves to dismiss the appeal because it is moot, with each side to bear its own costs. In support of this motion, Hampton Dellinger states as follows:

1. On March 3, 2025, defendants-appellants filed a notice of appeal in this Court seeking review of an order issued by the District Court of the District of Columbia: *Dellinger v. Bessent*, No. 25 Civ. 385 (D.D.C. March 1, 2025), ECF 33. This Court docketed the appeal as case number 25-5052. Defendants-appellants filed an emergency motion for a stay pending appeal that same day. On March 5, 2025, Hampton Dellinger filed an opposition to the emergency motion for a stay pending appeal. *Dellinger v. Bessent*, 25-5052 (March 5, 2025), ECF 16.

2. In a per curiam order, this Court granted defendants-appellants' emergency motion for a stay pending appeal. *Dellinger v. Bessent*, 25-5052 (March 5, 2025), ECF 23. The order "gives effect to the removal of appellee from his position as Special Counsel of the U.S. Office of Special Counsel." *Id.* at 1.

3. "Article III, Section 2 of the Constitution permits federal courts to adjudicate only actual, ongoing controversies." *United States v. China Telecom (Americas) Corp.*, 55 F.4th 939, 943 (D.C. Cir. 2022). This Court cannot decide a case if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Id.* Accordingly, this Court "must dismiss the case if an event occurs while

a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Id.* (quotation marks omitted).

4. Having been removed from office, Hampton Dellinger no longer wishes to pursue a judicial remedy to ensure that he remains as Special Counsel. Because Special Counsel Dellinger no longer contests his removal and is out of office, neither this Court nor the district court can afford the government (or Mr. Dellinger) any relief. The case is now moot and the appeal should be dismissed.

5. "When a case becomes moot on appeal . . . this [C]ourt generally vacates the District Court's judgment, vacates any outstanding panel decisions, and remands to the District Court with direction to dismiss." *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (per curiam); *see also, e.g.*, *Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) (en banc) (vacating a panel's disposition of a claim that had subsequently become moot after a petition for rehearing and rehearing en banc had been denied but before the mandate issued); *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 327 (4th Cir. 2021) ("As the case is moot and must be dismissed, the government asks that we also vacate both the panel opinions and district court opinions. This is indeed our customary practice."). Special Counsel Dellinger respectfully states that this result is warranted here. The Court should vacate the per curiam order dated March 5, 2025, vacate the

district court's memorandum opinion & order and judgment dated March 1, 2025, and remand with direction to dismiss.

6. Counsel for Hampton Dellinger has conferred with counsel for defendants-appellants and is authorized to state that defendants-appellants oppose this motion.

WHEREFORE, Hampton Dellinger respectfully requests that the Court enter an order dismissing case 25-5052, with all parties to bear their own costs.

Respectfully submitted,

/s/ Joshua A. Matz

| | |
|---|---|
| Kate L. Doniger, Bar No. 65901<br>HECKER FINK LLP<br>350 Fifth Avenue, 63rd Floor<br>New York, New York 10118<br>(212) 763-0883<br>kdoniger@heckerfink.com | Joshua A. Matz, Bar No. 61916<br>Amy Jeffress, Bar No. 44740<br>Jackson Erpenbach, Bar No. 65902<br>Benjamin Stern, Bar No. 65911<br>HECKER FINK LLP<br>1050 K Street NW, Suite 1040<br>Washington, DC 20001<br>(212) 763-0883<br>jmatz@heckerfink.com<br>ajeffress@heckerfink.com<br>jerpenbach@heckerfink.com<br>bstern@heckerfink.com<br><br>*Counsel for Plaintiff-Appellee*<br>*Hampton Dellinger* |

DATED: March 7, 2025

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 561 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed. R. App. P. 32(a)(6) because this document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

DATED: March 7, 2025　　　　　　　　　　/s/ Joshua A. Matz
　　　　　　　　　　　　　　　　　　　　Joshua A. Matz
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff-Appellee*
　　　　　　　　　　　　　　　　　　　　*Hampton Dellinger*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I electronically filed the foregoing motion with the Clerk for the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

DATED: March 7, 2025

/s/ Joshua A. Matz
Joshua A. Matz
*Counsel for Plaintiff-Appellee*
*Hampton Dellinger*