IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

HAMPTON DELLINGER,

        Plaintiff-Appellee,

v.

SCOTT BESSENT, in his official capacity as Secretary of the Treasury, et al.,

        Defendants-Appellants.

No. 25-5052

**RESPONSE TO PLAINTIFF'S MOTION TO DISMISS AND UNOPPOSED CROSS-MOTION TO HOLD BRIEFING IN ABEYANCE**

    Having succeeded in persuading the district court to award, on an emergency and then final basis, the unprecedented remedy of reinstating the sole head of an agency who had been removed by the President, plaintiff now suddenly reverses course and seeks to unilaterally declare this controversy moot. But the government's appeal from a permanent injunction plainly is not moot, and there is no basis for the Court to vacate its stay order or the opinion the Court has now issued in support of that order. This appeal would be rendered moot only by the dissolution of the injunction and the dismissal with prejudice of plaintiff's claims.

Because plaintiff's abandonment of his claim for reinstatement has eliminated any exigency, and because this appeal would become moot if plaintiff were to effectuate the dismissal of his case in a procedurally proper manner, the government respectfully cross-moves that briefing be held in abeyance for 30 days. Plaintiff does not oppose that relief.

1.  As we explained in our March 6 letter to the Court, plaintiff's assertion that this appeal is moot is plainly incorrect. This appeal arises from a permanent injunction. That improper and gravely harmful injunction has not been dissolved, and the only reason the government is not currently bound by it is that this Court stayed it pending this appeal. This appeal would become moot only if the injunction were dissolved and the underlying case dismissed with prejudice.

Plaintiff's contrary argument (Mot. 1-2) confuses the mootness of this appeal with the mootness of the underlying litigation. This appeal is not moot because the government remains harmed by the injunction that, at present, has not been dissolved. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 618 (1989). The relief this Court can grant the government is obvious: It can vacate the injunction. Plaintiff's willingness to accede to that relief does not make the appeal moot; indeed, appellate courts routinely adjudicate (rather

- 2 -

than dismissing for lack of jurisdiction) appeals where the appellee confesses error.

In any event, the underlying litigation is also not moot. Plaintiff's asserted Article III injury—his removal from the office of Special Counsel—exists today to the same degree it existed on the day he brought this suit. And although plaintiff asserts that the district court cannot grant effectual relief because he is now "out of office" (Mot. 2), that too was equally true when plaintiff brought suit three days after the President removed him. What has changed is that plaintiff "no longer wishes to pursue" this suit (*id.*), but that is a basis for voluntary dismissal. It is remarkable for plaintiff to assert—after seeking extraordinary relief and thus imposing the burdens of emergency litigation on the district court, this Court, the Supreme Court, and the government—that there is not even a basis for federal jurisdiction.

As noted above and in our prior letter, this appeal would become moot if the district court's injunction were dissolved and the underlying case dismissed with prejudice. Plaintiff is free to pursue that outcome, but he has not yet done so. His motion in this Court seeks only a dismissal on mootness grounds, and such dismissals are generally without prejudice. *See, e.g.*, *Giv-*

*ens v. Bowser*, 111 F.4th 117, 122-123 (D.C. Cir. 2024). Since this appeal divested the district court of jurisdiction to vacate the permanent injunction, plaintiff can either ask this Court to vacate the injunction (and the opinion supporting it) and direct the dismissal of the underlying action with prejudice, *see Arave v. Hoffman*, 552 U.S. 117, 118-119 (2008), or seek an indicative ruling from the district court that it would grant a motion for voluntary dismissal under Federal Rule of Civil Procedure 41, and dissolve the injunction accordingly, if this Court were to remand for that purpose, *see* Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1. In the meantime, Plaintiff's unilateral declaration that he no longer wishes to pursue relief does not suffice to render this case moot.

2. There is no basis for this Court to vacate its order granting a stay pending appeal or the opinion the Court has now issued in support of that order. The Court unquestionably possessed jurisdiction to issue a stay, and as our March 6 letter explained, it would have been proper for the Court to issue its opinion explaining the stay even if this appeal had become moot in the meantime. *See, e.g.*, *United States v. Perez-Garcia*, 96 F.4th 1166, 1173 (9th Cir. 2024) (the "appellate practice of bifurcating an expedited order with its reasoning is common, often necessary, and constitutional" even where a case

becomes moot in the interim), *petition for cert. filed* (U.S. Dec. 26, 2024) (No. 24-6203).

Plaintiff's contrary citations are inapposite. Both cases from this Circuit—*United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001), and *Clarke v. United States*, 915 F.2d 699 (D.C. Cir. 1990)—were en banc decisions in which the Court vacated prior panel opinions, not cases where a panel vacated one of its prior rulings. In *Hirschfeld v. ATF*, 14 F.4th 322 (4th Cir. 2021), a Fourth Circuit panel vacated its own prior opinions. But aside from their differences from the procedural posture of this case, all three decisions based vacatur on the principle, deriving from *United States v. Munsingwear*, 340 U.S. 36 (1950), that appellate courts ordinarily should vacate lower-court judgments in cases that become moot during an appeal. Vacatur on that theory is generally available only to "'those who have been prevented from obtaining the review to which they are entitled.'" *Camreta v. Greene*, 563 U.S. 692, 712 (2011) (quoting *Munsingwear*, 340 U.S. at 39). In this case, the party being deprived of the ability to obtain review of the district court's decision would be the government, not plaintiff.

As our prior letter noted, the only evident explanation for plaintiff's haste to dismiss this case—a case he had been litigating vigorously—is that

- 5 -

he hoped to forestall the opinion this Court indicated it would issue to explain its stay order. By issuing that opinion, this Court correctly declined to indulge his gamesmanship. "A party should not be able to 'manipulate the formation of precedent'" by "acting strategically." *In re Nexium Antitrust Litigation*, 778 F.3d 1, 2 (1st Cir. 2015). The Court should deny plaintiff's motion to dismiss the appeal, without prejudice to its renewal if and when the appeal is actually rendered moot by the dissolution of the injunction and the dismissal with prejudice of plaintiff's claims.

3. Because plaintiff no longer intends to seek reinstatement to his former office, and because the district court's injunction is stayed, there is no longer any urgency to the resolution of this appeal. And, as noted above, the appeal would become moot if plaintiff were to dismiss his case in a procedurally proper manner. The government therefore respectfully requests that the expedited briefing schedule set by the Court be held in abeyance for 30 days. Plaintiff does not oppose this relief.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
JOSHUA M. SALZMAN
DANIEL AGUILAR
LAURA E. MYRON

 */s/ Daniel Winik*
DANIEL WINIK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8849*

## CERTIFICATE OF COMPLIANCE

This response and cross-motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1161 words. This response and cross-motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Book Antiqua, a proportionally spaced typeface.

*/s/ Daniel Winik*
Daniel Winik