IN THE

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-5052

HAMPTON DELLINGER, IN HIS PERSONAL CAPACITY AND IN HIS OFFICIAL CAPACITY AS SPECIAL COUNSEL OF THE OFFICE OF SPECIAL COUNSEL,

*Plaintiff-Appellee,*

—v.—

SCOTT BESSENT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY, ET AL.,   *Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**REPLY IN SUPPORT OF APPELLEE'S MOTION TO DISMISS**

JOSHUA MATZ, BAR NO. 61916
  *Counsel of Record*
AMY JEFFRESS, BAR NO. 44740
JACKSON ERPENBACH, BAR NO. 65902
BENJAMIN STERN, BAR NO. 65911
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(202) 742-2661
jmatz@heckerfink.com

KATE DONIGER, BAR NO. 65901
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883

*Counsel for Plaintiff-Appellee
Hampton Dellinger*

Plaintiff Hampton Dellinger no longer occupies the office of Special Counsel, and he has publicly and finally declared that he will not seek judicial reinstatement to that office. Consequently, there is no longer a live case or controversy for the Judiciary to decide. Mr. Dellinger therefore requests that this Court follow its settled practice to "vacate[] the District Court's judgment, vacate[] any outstanding panel decisions, and remand[] to the District Court with direction to dismiss." *United States v. Schaffer*, 240 F.3d 35, 38 (D.C. Cir. 2001) (per curiam); *see also, e.g.*, *Clarke v. United States*, 915 F.2d 699, 708 (D.C. Cir. 1990) (en banc).

In its response, the government disagrees with very little of Mr. Dellinger's request. Acknowledging that the district court is divested of jurisdiction, the government states that Mr. Dellinger must "ask this Court to vacate the injunction (and the opinion supporting it) and direct the dismissal of the underlying action with prejudice." Resp. 4. But that is exactly what Mr. Dellinger requested: "The Court should vacate the per curiam order dated March 5, 2025, vacate the district court's memorandum opinion & order and judgment dated March 1, 2025, and remand with direction to dismiss." Mot. 2-3. And Mr. Dellinger agrees that the district court's dismissal should be with prejudice.

The only difference between the parties is that while the government agrees that the district court's order should be vacated, it opposes vacatur of this Court's order and opinion. But courts typically "vacate both the panel opinions and district

1

court opinions" when a case becomes moot. *Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives*, 14 F.4th 322, 327 (4th Cir. 2021). The government argues *Hirschfeld* is distinguishable because that panel "vacated its own prior opinions." Resp. 5. But that, too, is what Mr. Dellinger seeks here.

The government also observes that *Schaffer* and *Clarke* were issued by this Court while sitting *en banc*, Resp. 5, but *Schaffer* states expressly that this is a distinction without a difference: vacatur of panel decisions is proper "[w]hen a case becomes moot on appeal, whether it be during initial review or in connection with consideration of a petition for rehearing or rehearing *en banc*." 240 F.3d at 38. Finally, the government argues that only it, not Mr. Dellinger, is entitled to request vacatur because it would be "deprived of the ability to obtain review of the district court's decision." Resp. 5 (citing *Camreta v. Greene*, 563 U.S. 692, 712 (2011)). But vacatur of the district court's opinion and judgment is not in dispute—indeed, Mr. Dellinger has requested it. Mot. 2-3. And vacatur of the panel's order and opinion is similarly appropriate to wipe the slate clean. *See, e.g.*, *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 48-49, 71-72 (1997) (ordering vacatur of panel decisions when the plaintiff voluntarily left government employment after prevailing in the district court).

For the foregoing reasoning, Mr. Dellinger respectfully requests that this Court vacate the March 5, 2025 order and March 10, 2025 opinion, vacate the district

court's March 1, 2025 memorandum opinion & order and judgment, and remand to the district court with directions to dismiss Mr. Dellinger's complaint with prejudice.

|  | Respectfully submitted, |
|---|---|
|  | /s/ Joshua A. Matz |
| Kate L. Doniger, Bar No. 65901 | Joshua A. Matz, Bar No. 61916 |
| HECKER FINK LLP | Amy Jeffress, Bar No. 44740 |
| 350 Fifth Avenue, 63rd Floor | Jackson Erpenbach, Bar No. 65902 |
| New York, New York 10118 | Benjamin Stern, Bar No. 65911 |
| (212) 763-0883 | HECKER FINK LLP |
| kdoniger@heckerfink.com | 1050 K Street NW, Suite 1040 |
|  | Washington, DC 20001 |
|  | (212) 763-0883 |
|  | jmatz@heckerfink.com |
|  | ajeffress@heckerfink.com |
|  | jerpenbach@heckerfink.com |
|  | bstern@heckerfink.com |
|  | *Counsel for Plaintiff-Appellee Hampton Dellinger* |

DATED: March 17, 2025

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 528 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirement of Fed. R. App. P. 32(a)(6) because this document has been prepared using Microsoft Word in 14-point Times New Roman, a proportionally spaced typeface.

DATED: March 17, 2025

/s/ Joshua A. Matz
Joshua A. Matz
*Counsel for Plaintiff-Appellee*
*Hampton Dellinger*

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I electronically filed the foregoing response brief with the Clerk for the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

DATED: March 17, 2025

/s/ Joshua A. Matz
Joshua A. Matz
*Counsel for Plaintiff-Appellee*
*Hampton Dellinger*