UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Hampton Dellinger, in his official capacity as Special Counsel, U.S. Office of Special Counsel, | ) ) ) |
| Appellee, | ) ) |
| v. | ) ) Case No. 25-5052 |
| Scott Bessent, in his official capacity as Secretary of the Treasury, et al., | ) ) ) ) |
| Appellants. | ) |

**AMICUS CURIAE BRIEF OF MARTIN AKERMAN IN OPPOSITION**

**TO APPELLEE'S MOTION FOR VACATUR AND DISMISSAL**

**INTEREST OF AMICUS CURIAE**

Pursuant to Federal Rule of Appellate Procedure 29 and D.C. Circuit Rule 29, amicus curiae Martin Akerman, pro se, submits this brief in opposition to Hampton Dellinger's Motion for Vacatur and Dismissal.

Amicus is a litigant in two related cases that raise legal and factual issues directly impacted by this case:

1. Akerman v. MSPB, Case No. 23-5309 (D.C. Circuit) – A FOIA lawsuit against the Merit Systems Protection Board (MSPB) and other Federal Agencies, including the Office of Special Counsel (OSC), seeking records exposing administrative misconduct in OSC under Dellinger's tenure. The MSPB's failure to disclose critical records raises due process concerns that intersect with the arguments in this case.

2. Nevada National Guard v. Federal Tenure of Martin Akerman, Case No. 2:24-cv-01734-RFB-DJA (D. Nev.) – A federal habeas and replevin action in the U.S. District Court for the District of Nevada concerning unlawful personnel actions and improper removal from a federally protected position. The defendants in this case include OSC leadership, whose removal and replacement were central to the Dellinger dispute.

The issues in Dellinger v. Bessent (No. 25-5052) and these pending cases overlap significantly in the areas of agency oversight, due process, and executive removal authority. Amicus's participation provides unique factual and legal insights into OSC's mismanagement, under both Kerner (Appellant) and Dellinger (Appellee), and the necessity of accountability in administrative proceedings.

## SUMMARY OF ARGUMENT

Appellee Hampton Dellinger's motion to vacate and dismiss should be denied because:

1. Dellinger's removal was legally justified under 5 U.S.C. § 1211(b), which allows termination for inefficiency, neglect of duty, or malfeasance.

2. Vacatur would distort the record and shield OSC from accountability, preventing judicial review of systemic agency failures.

3. Dellinger voluntarily abandoned his claim for reinstatement, undermining any argument for continued relief.

4. This case presents unresolved legal questions regarding the President's removal power and OSC's statutory protections, which should be decided on the merits rather than erased from the record.

Amicus's pending FOIA and Nevada federal cases substantiate claims that OSC, under Dellinger, failed to uphold its statutory responsibilities and engaged in systemic noncompliance with personnel laws. The Court should preserve its precedent on removal authority rather than allow a legally significant case to disappear.

# ARGUMENT

## I. VACATUR IS INAPPROPRIATE BECAUSE DELLINGER'S REMOVAL WAS JUSTIFIED UNDER 5 U.S.C. § 1211(b)

Dellinger's removal must be examined under the statutory "for cause" standard, which allows removal for inefficiency, neglect of duty, or malfeasance. The record contains substantial evidence that his tenure at OSC was marked by:

1. Failure to act on urgent whistleblower complaints, violating OSC's statutory mission.

2. Prolonged FOIA delays and noncompliance, blocking transparency into OSC's practices.

3. Dysfunctional leadership, creating inefficiencies that harmed federal employees.

Amicus's FOIA lawsuit against MSPB (Case No. 23-5309, D.C. Circuit) directly illustrates OSC's pattern of withholding records under Dellinger's leadership, a clear sign of agency mismanagement. Additionally, Amicus's federal case in Nevada (Case No. 2:24-cv-01734-RFB-DJA) documents OSC's complicity in unlawful personnel actions, further supporting grounds for removal.

Vacatur would erase these findings and allow OSC's failures to go unexamined, preventing needed reform.

## II. DISMISSAL WOULD IMPAIR TRANSPARENCY AND AGENCY ACCOUNTABILITY

Dellinger's request for dismissal with prejudice is an attempt to prevent judicial scrutiny of OSC's mismanagement. Vacatur would:

1. Eliminate an important precedent on executive removal power.

2. Deprive the public of key insights into OSC's operational failures.

3. Encourage future agency misconduct by insulating officials from legal consequences.

Allowing vacatur would set a dangerous precedent that federal officials can avoid accountability by abandoning their cases before final judgment.

## III. DELLINGER'S VOLUNTARY RELINQUISHMENT OF REINSTATEMENT UNDERMINES HIS MOTION

Dellinger has publicly declared that he will not seek reinstatement. This undermines his legal interest in vacating the district court's ruling because:

1. There is no longer a live controversy regarding his removal.

2. He faces no ongoing harm, negating any claim for equitable relief.

3. He cannot claim injury from an adverse ruling while simultaneously seeking to erase the precedent.

If Dellinger no longer wants his job back, then his only interest in vacatur is to prevent unfavorable legal precedent—an interest courts have historically rejected.

## IV. THE COURT SHOULD DECIDE THIS CASE ON THE MERITS

This case presents critical legal questions about the President's removal authority and statutory tenure protections under 5 U.S.C. § 1211(b). Given recent Supreme Court rulings in Seila Law LLC v. CFPB, 140 S. Ct. 2183 (2020), and Collins v. Yellen, 141 S. Ct. 1761 (2021), the Court should address these constitutional issues rather than dismiss the case outright.

Additionally, OSC's failures under both Kerner (not removed (yet), instead transferred to lead the Merit Systems Protection Board) and Dellinger are a matter of public concern. Judicial review is necessary to clarify:

1. The proper standard for agency oversight.

2. Whether OSC's leadership engaged in neglect of duty.

3. The limits of executive removal power in independent agencies.

Allowing vacatur would deprive the judiciary of an opportunity to provide guidance on these pressing questions.

## CONCLUSION

For the foregoing reasons, amicus curiae Martin Akerman respectfully urges this Court to DENY Appellee Hampton Dellinger's Motion for Vacatur and Dismissal.

Dated: March 18, 2025

Respectfully Submitted,

Martin Akerman, Pro Se
P.O. BOX 100057
Arlington, VA 22210
(202) 656-5601
makerman.dod@gmail.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and Circuit Rules 26.1 and 29(b), amicus curiae Martin Akerman states that he is an individual litigant proceeding pro se and is not affiliated with any corporation.

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Rule 32(f), it contains 841 words.

This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface in 14-point Times New Roman font using Microsoft Word.

Dated: March 18, 2025

Martin Akerman, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I electronically filed the foregoing AMICUS CURIAE BRIEF OF MARTIN AKERMAN IN OPPOSITION TO APPELLEE'S MOTION FOR VACATUR AND DISMISSAL with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

Dated: March 18, 2025

*/s/ Martin Akerman*

Martin Akerman, Pro Se